**UMHOFER, MITCHELL & KING LLP**
Matthew Donald Umhofer (SBN 206607)
Jonas P. Mann (SBN 263314)
767 S. Alameda St., Suite 270
Los Angeles, California 90021
Telephone: (213) 394-7979
Facsimile: (213) 529-1027
matthew@umklaw.com
jonas@umklaw.com

*Attorneys for Defendants PennyMac Mortgage Investment Trust and PNMAC Capital Management, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO VERTHELYI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PENNYMAC MORTGAGE INVESTMENT TRUST; PNMAC CAPITAL MANAGEMENT, LLC,<br><br>Defendants. | Case No. 2:24-cv-05028-MWF<br><br>**DEFENDANT PNMAC CAPITAL MANAGEMENT LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Hearing Date: November 18, 2024<br>Time: 10:00 a.m.<br>Place: Courtroom 5A<br>Judge: Michael W. Fitzgerald |

**TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on November 18, 2024, at 10:00 a.m., or such other date ordered by the Court, in Courtroom 5A of this Court, located at First Street Courthouse, 350 W. First Street, Los Angeles, California, Defendant PNMAC Capital Management, LLC ("PCM") will and hereby does move the Court for an order dismissing Plaintiff's Complaint and each claim therein without leave to amend.

This Motion is made pursuant to Federal Rules of Civil Procedure 12(b)(6) on the grounds that the Complaint fails to state a claim. PCM's Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the accompanying Request for Judicial Notice, any reply memorandum, the pleadings and filings in this action, and such other matters as may be presented at or before the hearing. PCM respectfully requests oral argument on this Motion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on August 13, 2024.

Dated: August 20, 2024          Respectfully submitted,

*/s/ Matthew Donald Umhofer*
UMHOFER, MITCHELL & KING, LLP
Matthew Donald Umhofer
Jonas P. Mann

*Attorneys for Defendants PennyMac Mortgage Investment Trust and PNMAC Capital Management, LLC*

Defendant PNMAC Capital Management, LLC ("PCM") joins in Defendant PennyMac Mortgage Investment Trust's ("PennyMac") motion to dismiss and moves to dismiss on one additional ground, that Plaintiff Roberto Verthelyi's Complaint fails to state a claim against PCM because it does not plausibly allege that PCM itself engaged in any wrongdoing. The arguments set forth in PennyMac's motion are incorporated here by reference, and fully support the dismissal of all claims against PCM.

Beyond the arguments set forth in PennyMac's motion lies another fatal flaw: the Complaint makes no specific allegations about PCM's conduct at all. A plaintiff "must give the defendants a clear statement about what the defendants did wrong"—"grouping defendants together without identifying what the particular defendants specifically did wrong" is improper. Sollberger v. Wachovia Sec., LLC, No. SACV 09-0766, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010); Fed. R. Civ. P. 8(a). To comply with Rule 8(a)(2), "a 'plaintiff suing multiple defendants "must allege the basis of his claims against each defendant[.]"'" Tamraz v. Bakotic Pathology Assocs., LLC, Case No. 22-cv-0725, 2022 WL 16985001, at *2 (S.D. Cal. Nov. 16, 2022) (quoting Altman v. PNC Mortg., 850 F. Supp. 2d 1057, 1067–68 (E.D. Cal. 2012)).

Plaintiff's Complaint fails that test, grouping Defendants PennyMac Mortgage Investment Trust and PNMAC Capital Management, LLC, together as "PennyMac," (*see* Compl. at 1) and failing to allege any facts supporting the inference that **PCM** violated the UCL.

Plaintiff contends that the terms of the Articles Supplementary, read pursuant to the LIBOR Act, require that *PennyMac Mortgage Investment Trust* issue dividends at a different rate. But the Complaint does not allege that PCM issues shares or dividends, and PCM is not a party to the Articles Supplementary. (*See* Declaration of Matthew Donald Umhofer in Support of Defendants' Request for Judicial Notice Ex. A, at 1; Ex. B, at 1.) The Complaint fails to allege any other basis for liability, let alone that any actions by PCM in particular were unlawful or unfair under the UCL.

Accordingly, the claim against PCM should be dismissed. See <u>Yagman v. Wunderlich</u>, Case No. 21-cv-06093, 2021 WL 5707166, at *2 (C.D. Cal. Nov. 22, 2021), *aff'd*, No. 21-56277, 2022 WL 2800816 (9th Cir. 2022).

Dated: August 20, 2024        Respectfully submitted,

*/s/ Matthew Donald Umhofer*
UMHOFER, MITCHELL & KING, LLP
Matthew Donald Umhofer
Jonas P. Mann

*Attorneys for Defendants PennyMac Mortgage Investment Trust and PNMAC Capital Management, LLC*