Nicole Lavallee (SBN 165755)
Email: nlavallee@bermantabacco.com
Daniel E. Barenbaum (SBN 209261)
Email: dbarenbaum@bermantabacco.com
Jeffrey Rocha (SBN 304852)
Email: jrocha@bermantabacco.com
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

Catherine Pratsinakis (Admitted *pro hac vice*)
Email: cpratsinakis@dilworthlaw.com
**DILWORTH PAXSON LLP**
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Telephone: (215) 575-7013

*Attorneys for Plaintiff Roberto Verthelyi and the Putative Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO VERTHELYI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PennyMac Mortgage Investment Trust and PNMAC Capital Management, LLC,<br><br>Defendants. | No. 2:24-cv-05028-MWF-JC<br><br>CLASS ACTION<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT PNMAC CAPITAL MANAGEMENT, LLC'S MOTION TO DISMISS**<br><br>Date: November 18, 2024<br>Time: 10:00 a.m.<br>Ctrm: 5A<br>Judge: Michael W. Fitzgerald |

1      Plaintiff Roberto Verthelyi ("Plaintiff") respectfully submits this memorandum of law in opposition to the motion to dismiss filed by Defendant PNMAC Capital Management, LLC ("PCM") (with defendant PennyMac Mortgage Investment Trust (the "Trust"), collectively "PennyMac" or "Defendants") (ECF 35) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

PCM contends that Plaintiff has engaged in improper group pleading and seeks dismissal of the Complaint for failing to specify allegations against it. PCM Mem. 1-2. This argument is misplaced. This case does not involve the type of group pleading that is generally the subject of a motion based on this argument: shotgun pleadings where multiple unrelated entities are indiscriminately grouped together with vague, undifferentiated allegations, making it unclear which defendant committed which actions and failing to provide fair notice of the specific claims against each unrelated party. *See Fed. Trade Comm'n v. DeVry Educ. Grp., Inc.*, No. CV-16-00579-MWF-SSx, 2016 WL 6821112, at *7-8 (C.D. Cal. May 9, 2016) (Fitzgerald, J.) (collecting cases explaining this point and rejecting group pleading argument in lawsuit against Devry University and two of its subsidiaries).

PCM's citations are similarly inapposite, as they involved unrelated defendants grouped under a single, undifferentiated set of allegations. *See Sollberger v. Wachovia Sec., LLC*, No. SACV-09-0766-AG-ANx, 2010 WL 2674456, at *4-5 (C.D. Cal. June 30, 2010) (defining "shotgun pleadings" and holding that the plaintiff failed to differentiate claims against completely unrelated corporate defendants Wachovia; Morgan Keegan & Company, Inc.; and Janney Montgomery Scott, LLC); *Yagman v. Wunderlich*, No. 2:21-CV-06093-SB-MRW, 2021 WL 5707166, at *3 (C.D. Cal. Nov. 22, 2021) (undifferentiated claims against

---

[1] The "Complaint" (ECF 1) is cited herein as "¶__." PCM's brief (ECF 35) is cited as the "Motion" or "PCM Mem."

individual "[d]efendants hold[ing] a variety of different positions within the Beverly Hills city government"), *aff'd,* No. 21-56277, 2022 WL 2800816 (9th Cir. July 18, 2022).

In contrast, the Complaint here asserts that both Defendants committed the same acts giving rise to this lawsuit, alleging that PCM is the Trust's California-based external manager. *See* ¶¶28-29.[2] Courts have allowed such collective pleading where it provides sufficient clarity that the allegations apply to all defendants involved, especially in cases like this where the entities are sufficiently connected and PCM's role as the external manager directly implicates it in the misconduct. *See Doe One v. CVS Pharmacy, Inc.*, 348 F. Supp. 3d 967, 980 (N.D. Cal. 2018) ("[C]onstruing the pleadings in the light most favorable to Plaintiffs, it is also sufficiently clear from the complaint that Plaintiffs intend the allegations regarding the 'CVS Caremark' collective to apply to all the CVS defendants."), *aff'd in part, vacated in part, remanded sub nom. Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204 (9th Cir. 2020), *cert. granted in part*, 141 S. Ct. 2882 (2021) (No. 20-1374); *DeVry Educ. Grp., Inc.*, 2016 WL 6821112, at *7-8 (finding no group pleading where parent-subsidiary entities were sufficiently connected and it was plausible that the parent corporation controlled or participated in the challenged conduct, providing adequate notice to each corporate defendant, noting that "cases that have rejected group pleadings involved multiple claims and a large number of unrelated defendants"); *see also Carrado v. Daimler AG*, No. 17-CV-3080-WJM-SKC, 2018 WL 4565562, at *4 (D. Colo. Sept. 24, 2018) ("That MBUSA is a wholly- or partially-owned subsidiary of Daimler makes it more reasonable for Plaintiffs to allege common allegations against the two remaining Defendants.").

---

[2] In its memorandum in support of its motion to dismiss (which was joined by PCM (PCM Mem. 1), the Trust admits that "[i]ts operations are managed by [PCM]" *See* ECF 34 at 3.

1   Indeed, the Trust's own filings with the U.S. Securities and Exchange
2   Commission further clarify PCM's significant role in its operations, stating that
3   PCM is responsible for administering PennyMac's day-to-day activities, including
4   developing investment strategies and making all or substantially all of its
5   investment, financing, and risk management decisions. *See* Declaration of
6   Catherine Pratsinakis In Support of Plaintiff's Request For Judicial Notice In
7   Support of Opposition To Defendants' Motion To Dismiss Plaintiff's Complaint,
8   filed concurrently herewith, Ex. 4, at 6, 16, 19, 37, 53. These public disclosures
9   underscore that PCM effectively controls all of the Trust's key business decisions
10  and has responsibility for the decisions giving rise to this lawsuit. *Id.*

11  Plaintiff's allegations against PCM and the Trust thus satisfy Rule 8's
12  requirement for a "short and plain statement" that gives PCM fair notice of the
13  claims against it and the grounds upon which they rest. *See CVS Pharmacy, Inc.*,
14  348 F. Supp. 3d at 979; *DeVry Educ. Grp., Inc.*, 2016 WL 6821112, at *8; *Creative
15  Writer Software, LLC v. Schechter*, No. CV-23-02471-MWF-MAAx, 2024 WL
16  1098759, at *2 (C.D. Cal. Feb. 8, 2024) (Fitzgerald, J.) ("Federal Rule of Civil
17  Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing
18  that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
19  what the ... claim is and the grounds upon which it rests[.]'") (alteration in original)
20  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

21  For these reasons, the Court should deny PCM's Motion. As PCM has joined the
22  arguments raised by the Trust in its motion to dismiss[3] (PCM Mem. 1), those arguments
23  should be denied for all the reasons explained in Plaintiff's concurrently filed opposition
24  to that motion. However, if the Court finds otherwise, Plaintiff respectfully requests leave
25  to amend. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1011 (9th Cir. 2018)

---

28  [3] ECF 34.

[No. 2:24-cv-05028-MWF-JC] PLAINTIFF'S OPPOSITION TO PCM'S
MOTION TO DISMISS (ECF 35)                                           3

("Given our policy favoring leave to amend, Khoja should have an opportunity to amend this claim on remand." (citing, *inter alia*, Fed. R. Civ. P. 15).

Dated: October 11, 2024

**BERMAN TABACCO**

By: */s/ Daniel E. Barenbaum*
Daniel E. Barenbaum

Nicole Lavallee
Jeffrey Rocha
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
dbarenbaum@bermantabacco.com
jrocha@bermantabacco.com

Catherine Pratsinakis (*pro hac vice*)
**DILWORTH PAXSON LLP**
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Telephone: (215) 575-7013
Email: cpratsinakis@dilworthlaw.com

*Attorneys for Plaintiff Roberto Verthelyi and the Putative Class*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Roberto Verthelyi, certifies that this brief contains 939 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Daniel E. Barenbaum*
Daniel E. Barenbaum

*Attorney for Plaintiff Roberto Verthelyi and the Putative Class*