Nicole Lavallee (SBN 165755)
Email: nlavallee@bermantabacco.com
Daniel E. Barenbaum (SBN 209261)
Email: dbarenbaum@bermantabacco.com
Jeffrey Rocha (SBN 304852)
Email: jrocha@bermantabacco.com
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA  94104
Telephone: (415) 433-3200
Facsimile:  (415) 433-6382

Catherine Pratsinakis (Admitted *pro hac vice*)
Email: cpratsinakis@dilworthlaw.com
**DILWORTH PAXSON LLP**
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Telephone: (215) 575-7013

*Attorneys for Plaintiff Roberto Verthelyi
and the Putative Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO VERTHELYI, on behalf of himself and all others similarly situated,<br><br>           Plaintiff,<br><br>          v.<br><br>PennyMac Mortgage Investment Trust and PNMAC Capital Management, LLC,<br><br>          Defendants. | No. 2:24-cv-05028-MWF-JC<br><br>CLASS ACTION<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**<br><br>Date:  November 18, 2024<br>Time:  10:00 a.m.<br>Ctrm:  5A<br>Judge:  Michael W. Fitzgerald |

[No. 2:24-cv-05028-MWF-JC] PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

## I.    INTRODUCTION

Pursuant to Rule 201 of the Federal Rules of Evidence, and in connection with Plaintiff Roberto Verthelyi's ("Plaintiff") Opposition to Defendants PennyMac Mortgage Investment Trust's ("the Trust") and PNMAC Capital Management, LLC's ("PCM") (together, "PennyMac" or "Defendants") Motions to Dismiss Plaintiff's Complaint ("Oppositions") (ECF Nos. 34 & 35).[1] Plaintiff respectfully requests the Court take judicial notice of the following documents attached to the Declaration of Catherine Pratsinakis in Support of Plaintiff's Request for Judicial Notice in Support of Opposition to Defendants' Motions to Dismiss Plaintiff's Complaint ("Pratsinakis Decl."), filed herewith:

Ex. 1.    Transcript of Congressional Hearing titled, *The End of LIBOR: Transitioning to an Alternative Interest Rate Calculation for Mortgages, Student Loans, Business Borrowing, and Other Financial Products*, before the Subcommittee on Investor Protection, Entrepreneurship, and Capital Markets of the Committee on Financial Services, U.S. House of Representatives, 117th Congress, First Session (April 15, 2021);

Ex. 2.    Transcript of Congressional Hearing titled, *The LIBOR Transition: Protecting Consumers and Investors*, before the Committee on Banking, Housing, and Urban Affairs, U.S. Senate, 117th Congress, First Session on Examining How the Financial System Can Move on From the LIBOR System (Nov. 2, 2021);

Ex. 3.    Congressional Record (House), *Adjustable Interest Rate (LIBOR) Act of 2021*, 167 Cong. Rec. H7479-01 (Dec. 8, 2021);

---

[1] All capitalized terms not otherwise defined herein have the same meaning as in Plaintiff's Oppositions.

Ex. 4.   Excerpted pages from PennyMac Mortgage Investment Trust's
         Annual Report on Form 10-K for the fiscal year ended December
         31, 2023 ("2023 Form 10-K"), filed with the U.S. Securities and
         Exchange Commission ("SEC") on February 22, 2024;

Ex. 5.   Official list of the Trust's filings from Maryland Department of
         Assessments and Taxation Maryland; and

Ex. 6.   Impac Mortgage Holdings, Inc.'s Articles Supplementary
         Designating the Company's 9.375% Series B Preferred Stock
         ("Impac Mortgage Holdings, Inc.'s Articles Supplementary").

For the reasons that follow, the Court should grant Plaintiff's Request for Judicial Notice as the documents in question are public records not reasonably subject to dispute under Federal Rule of Evidence 201(b).

For Pratsinakis Decl. Exhibits 1, 2, and 3—legislative history—the Court should grant Plaintiff's request for judicial notice because, as public records, they are not subject to reasonable dispute. Additionally, judicial notice of these documents is appropriate due to ambiguities raised by Defendants through their interpretations of key provisions of the statutes and regulations at issue in this action—interpretations at odds with the allegations of Plaintiff's Complaint and those positions asserted in Plaintiff's Opposition.

For Pratsinakis Decl. Exhibits 4, 5, and 6—two SEC filings (Ex. 4 and Ex. 6) and a corporate document officially filed with the State of Maryland (Exs. 5)—Defendants concede through their own concurrently-filed request for judicial notice that these types of documents are proper subjects for judicial notice, leaving no dispute as to the Court's ability to consider them. *See* Defendants' Request for Judicial Notice in Support of Their Motions to Dismiss Plaintiff's Complaint ("Defendants' RJN" or "Defs.' RJN") (ECF 36). Indeed, the documents are public records filed on government websites and are readily available for download.

## II.    ARGUMENT

A district court may consider matters outside the pleadings when ruling on a Rule 12(b)(6) motion to dismiss if those matters are properly subject to judicial notice. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-99 (9th Cir. 2018) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)), *subsequent determination*, 805 F. App'x 525 (9th Cir. 2020). "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." *Id*. at 999 (quoting Fed. R. Evid. 201(b)). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id*.

### A.    The Court May Properly Consider Legislative History

Plaintiff requests that the Court take judicial notice of Pratsinakis Decl. Exhibits 1, 2, and 3, which are transcripts from Congressional hearings and the Congressional record leading to the enactment of the Adjustable Interest Rate (LIBOR) Act, 12 U.S.C. § 5801 *et seq.* (the "LIBOR Act"), and its implementing regulations, 12 C.F.R. pt. 253 *et seq*. (the "LIBOR Rule"). As this Court has observed, legislative history is an appropriate source for judicial notice since "[t]hese documents are not subject to reasonable dispute because as legislative history they are matters of public record." *Schroeder v. Envoy Air, Inc.*, No. CV 16-04911-MWF-KS, 2016 WL 11520388, at *3 (C.D. Cal. Sept. 27, 2016) (citing *Anderson v. Holder*, 673 F.3d 1089, 1103 (9th Cir. 2012) ("Legislative history is properly a subject of judicial notice")); *Lee v. CarMax Auto Superstores California, LLC*, No. CV137648MWFVBKX, 2015 WL 12662332, at *2 (C.D. Cal. Apr. 23, 2015) (same).

Here, the parties dispute the meaning and interpretation of key provisions of the LIBOR Act and Rule (both expressly and implicitly), as well as how they should be interpreted. This dispute forms the very basis of Plaintiff's claims.

[No. 2:24-cv-05028-MWF-JC] PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

3

While both parties maintain that the law clearly and by its express terms supports their respective positions, the parties' differing interpretations reveal arguable ambiguities that warrant closer examination of legislative history. In such cases, "[g]iven the absence of caselaw and the question about the scope of [a statute's] reach," judicial notice of legislative history is appropriate. *Johnson v. Serenity Transp., Inc.*, No. 15-CV-02004-JSC, 2016 WL 270952, at *7 n.6 (N.D. Cal. Jan. 22, 2016); *see also Garcia v. Pacificare of Cal. Inc.*, No. SACV-12-02022-JVS-RNBx, 2013 WL 12114019, at *3 (C.D. Cal. Mar. 6, 2013) (granting judicial notice of legislative history and noting that, while courts generally follow the plain meaning of a statute, they may look beyond the literal meaning to ensure it aligns with the statute's purpose, as "intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act"; if ambiguous, courts must consult legislative history for further guidance) (citation omitted), *aff'd*, 750 F.3d 1113 (9th Cir. 2014); *Pyara v. Sysco Corp.*, No. 2:15-CV-01208-JAM-KJN, 2016 WL 3916339, at *2 (E.D. Cal. July 20, 2016) ("Moreover, if the legislature's intent is not clear from its language, a court may take judicial notice of legislative history . . . ."); *Frieri v. Sysco Corp.*, No. 16-CV-1432 JLS (NLS), 2016 WL 7188282, at *2 (S.D. Cal. Dec. 12, 2016) (same).

Accordingly, the Court should consider Pratsinakis Decl. Exhibits 1, 2, and 3.

## B. The Court May Properly Consider the Trust's 2023 Form 10-K

Plaintiff requests that the Court take judicial notice of Pratsinakis Decl. Exhibit 4, excerpted pages from the Trust's 2023 Form 10-K. Defendants agree that "[c]ourts may take judicial notice of public records and government documents available from reliable sources on the Internet such as websites run by governmental agencies." Defs.' RJN at 1 (citing *Maxon v. Fuller Theological Seminary*, 549 F. Supp. 3d 1116, 1122 (C.D. Cal. 2020)).

1    Pratsinakis Decl. Exhibit 4, the Trust's 2023 Form 10-K, is a public record

2    filed with the SEC and is readily available for download on its official website.

3    Plaintiff requests judicial notice of Pratsinakis Decl. Exhibit 3 to demonstrate how

4    Defendants describe their relationship in publicly-filed disclosures with the SEC.

5    Courts in this Circuit, including this Court, routinely hold that SEC filings are

6    appropriate for judicial notice. *See Samantha B. v. Am. Int'l Grp., Inc.*, No. CV-20-

7    8895-MWF-JPRx, 2020 WL 6700174, at *2 (C.D. Cal. Nov. 12, 2020) (judicially

8    noticing Annual Report on Form 10-K because it was "not subject to reasonable

9    dispute"); *In re Ethereummax Inv.*, No. CV-22-00163-MWF-SKx, 2023 WL

10    6787827, at *39 (C.D. Cal. June 6, 2023) ("Information on government agency

11    websites has often been treated as properly subject to judicial notice."); *In re*

12    *Twitter, Inc. Sec. Litig.*, 506 F. Supp. 3d 867, at 875 n.1 (N.D. Cal. Dec. 10, 2020)

13    (citing authorities for proposition that SEC filings are appropriately noticed by the

14    Court on a motion to dismiss), *aff'd*, 29 F.4th (9th Cir. 2022); *Metzler Inv. GMBH*

15    *v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings

16    subject to judicial notice); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th

17    Cir. 2006) (same).

18    Accordingly, the Court should grant Plaintiff's request for judicial notice of

19    Pratsinakis Decl. Exhibit 4.

20    **C.    The Court May Properly Consider the Trust's and Impac**

21    **Mortgage Holdings, Inc.'s Officially Filed Corporate Documents**

22    Plaintiff requests that the Court take judicial notice of Pratsinakis Decl.

23    Exhibits 5 and 6—an official list of the Trust's filings from Maryland Department

24    of Assessments and Taxation (Ex. 5) and a copy of Impac Mortgage Holdings,

25    Inc.'s Articles Supplementary filed with the SEC (Ex. 6)—to demonstrate that the

26

27

28    [No. 2:24-cv-05028-MWF-JC] PLAINTIFF'S REQUEST FOR JUDICIAL
NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTIONS
TO DISMISS                                                              5

Trust did not incorporate the Articles at issue into its Declaration of Trust.[2] These documents are similar in nature to the corporate documents submitted by Defendants in their Request for Judicial Notice and are responsive to Defendants' claim that the Declaration of Trust was incorporated by reference into the Articles Supplementary. *See* Exhibits A-C to the Declaration of Matthew Donald Umhofer in Support of Defendants' Request for Judicial Notice (ECF 36-2, 36-3, 36-4). As Defendants acknowledge, "[c]ourts addressing motions to dismiss routinely notice organizational governance documents from a state's website." Defs.' RJN at 1 (citing *Risto v. Screen Actors Guild - Am. Fed'n of Television & Radio Artists*, No. 2:18-cv-07241-CAS-PLA, 2018 WL 7016345, at *5 (C.D. Cal. Nov. 6, 2018) and *Verduzco v. St. Mary's High Sch.*, No. 2:23-cv-02269-KJM-CSK, 2024 WL 3088467, at *3 (E.D. Cal. June 21, 2024)). Additionally, for the same reasons set forth above with regard to Exhibit 4, the Trust's 2023 Form 10-K, Exhibit 6 is judicially noticeable as a public record filed with the SEC and readily available for download on its official website.

Accordingly, the Court should take judicial notice of Pratsinakis Decl. Exhibits 5 and 6, which are not subject to reasonable dispute.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court take judicial notice of Exhibits 1 through 4 for the purposes discussed herein.

///

///

///

---

[2] *See* Trust's Mem. at 8 n. 6.

Dated:  October 11, 2024          **BERMAN TABACCO**

                                  By:   _/s/ Daniel E. Barenbaum_
                                        Daniel E. Barenbaum

                                  Nicole Lavallee
                                  Jeffrey Rocha
                                  425 California Street, Suite 2300
                                  San Francisco, CA  94104
                                  Telephone: (415) 433-3200
                                  Facsimile:  (415) 433-6382
                                  Email:  nlavallee@bermantabacco.com
                                          dbarenbaum@bermantabacco.com
                                          jrocha@bermantabacco.com

                                  Catherine Pratsinakis (*pro hac vice*)
                                  **DILWORTH PAXSON LLP**
                                  1500 Market Street, Suite 3500E
                                  Philadelphia, PA 19102
                                  Telephone: (215) 575-7013
                                  Email:  cpratsinakis@dilworthlaw.com

                                  *Attorneys for Plaintiff Roberto Verthelyi and the Putative Class*