**UMHOFER, MITCHELL & KING LLP**
Matthew Donald Umhofer (SBN 206607)
Jonas P. Mann (SBN 263314)
767 S. Alameda St., Suite 270
Los Angeles, California 90021
Telephone: (213) 394-7979
Facsimile: (213) 529-1027
matthew@umklaw.com
jonas@umklaw.com

*Attorneys for Defendants PennyMac Mortgage Investment Trust and PNMAC Capital Management, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO VERTHELYI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PENNYMAC MORTGAGE INVESTMENT TRUST; PNMAC CAPITAL MANAGEMENT, LLC,<br><br>Defendants. | Case No. 2:24-cv-05028-MWF<br><br>**DEFENDANT PNMAC CAPITAL MANAGEMENT REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Hearing Date: November 18, 2024<br>Time: 10:00 a.m.<br>Place: Courtroom 5A<br>Judge: Michael W. Fitzgerald |

1  Nothing in Plaintiff's opposition alters the fact that the Complaint makes no specific allegations of conduct by PNMAC Capital Management, LLC ("PCM") at all. Plaintiff's Complaint simply groups Defendants PennyMac Mortgage Investment Trust ("PMT") and PCM, together as "PennyMac," (*see* Compl. at 1, ECF No. 1) and fails to allege any facts supporting the inference that **PCM** violated the UCL. Indeed, Plaintiff's Complaint contains not a single allegation regarding any conduct of any kind by PCM. The only allegations in the Complaint about PCM are (1) that PMT "is externally managed by PNMAC Capital Management, LLC" (Compl. ¶ 2); (2) PCM is organized as a Delaware LLC (id. ¶ 29); and (3) PCM's address (id.).

Plaintiff's entire complaint is focused on what he believes he is owed by virtue of his ownership of preferred stock issued by *PMT*, not *PCM*. Plaintiff contends that the terms of the Articles Supplementary, read pursuant to the LIBOR Act, require that *PMT* issue dividends at a different rate. But the Complaint does not allege that PCM issues shares or dividends, and, as shown in the uncontested request for judicial notice, PCM is not a party to the Articles Supplementary.

This is improper group pleading and insufficient to state a cause of action against PCM. Nothing in Plaintiff's opposition alters the fact that the Complaint makes no specific allegations about PCM's conduct at all.

Additionally, Defendant PCM again joins in Defendant PMT reply in support of its motion to dismiss and the arguments set forth in PMT's reply are incorporated here by reference, and fully support the dismissal of all claims against PCM.

The cases cited by Plaintiff do not require a different result. In *Federal Trade Commission v. DeVry Education Group, Inc.*, Case No. CV-16-00579, 2016 WL 6821112 (C.D. Cal. May 9, 2016), the court rejected the defendants' group pleading argument, holding that "[a]s the parent corporation of Defendants DVU and DNY, Defendant DEG is alleged to have both controlled the deceptive acts of its subsidiaries and directly participated in the dissemination of misleading advertisements." *Id*. at *7. Here, there are no such allegations. First, *DeVry* involved a misleading advertising

scheme operated by multiple parties, not, as here, the effect of a Congressional act on the operation of a contractual obligation to which PCM is not a party. Second, Plaintiff's complaint does not allege that PCM did anything or is the "parent corporation" of PMT.

In *Doe One v. CVS Pharmacy, Inc.*, 348 F. Supp. 3d 967 (N.D. Cal. 2018), *aff'd in part, vacated in part*, 982 F.3d 1204 (9th Cir. 2020), the court rejected the defendants' group pleading argument but specifically stated that "the complaint does make clear the role Caremark California Specialty Pharmacy, LLC plays in filling prescriptions by mail." *Id*. at 980. Thus, in that case, the plaintiff had made at least some allegations of specific conduct by all the group defendants. Plaintiff makes no such allegations here.

Nor are Plaintiff's citations to PMT's SEC filings helpful. The language Plaintiff relies on simply states (again) that PMT is "managed" by PCM or "externally managed and advised" by PCM. (Pratsinakis Decl. ISO Opp'n Ex. 4, at 6, 16, 37, 53, ECF No. 40-4.) This is no different from the lone allegation in Plaintiff's Complaint regarding PCM. Plaintiff still has not sufficiently alleged any obligation of PCM under the Articles Supplementary or act by PCM, only that he believes PMT (not PCM) owes him more money.

Plaintiff's complaint fails to allege any conduct or obligation by PCM and thus fails to state a claim against PCM and should be dismissed.

Dated: November 4, 2024           Respectfully submitted,


                                  */s/ Matthew Donald Umhofer*
                                  UMHOFER, MITCHELL & KING, LLP
                                  Matthew Donald Umhofer
                                  Jonas P. Mann

                                  *Attorneys for Defendants PennyMac Mortgage Investment Trust and PNMAC Capital Management, LLC*