UMHOFER, MITCHELL & KING LLP
Matthew Donald Umhofer (SBN 206607)
Jonas P. Mann (SBN 263314)
767 S. Alameda St., Suite 270
Los Angeles, California 90021
Telephone: (213) 394-7979
Facsimile: (213) 529-1027
matthew@umklaw.com
jonas@umklaw.com

*Attorneys for Defendants PennyMac Mortgage Investment Trust and PNMAC Capital Management LLC*

Steven M. Farina (*pro hac vice*)
Melissa B. Collins (*pro hac vice*)
sfarina@wc.com
mcollins@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
Telephone: 202-434-5000
Facsimile: 202-434-5029

*Attorneys for Defendant PennyMac Mortgage Investment Trust*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO VERTHELYI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PENNYMAC MORTGAGE INVESTMENT TRUST; PNMAC CAPITAL MANAGEMENT, LLC,<br><br>Defendants. | Case No. 2:24-cv-05028-MWF<br><br>**DEFENDANTS PENNYMAC MORTGAGE INVESTMENT TRUST AND PNMAC CAPITAL MANAGEMENT LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF ROBERTO VERTHELYI'S COMPLAINT**<br><br>Judge: Hon. Michael W. Fitzgerald |

Defendants PennyMac Mortgage Investment Trust ("PennyMac") and PNMAC Capital Management, LLC ("PCM" and together with PennyMac, "Defendants"), by and through their counsel of record, submit this Answer and Affirmative Defenses to the cause of action and theories of liability alleged in the complaint filed by Roberto Verthelyi. ECF No. 1. Defendants generally allege that they have at all times acted lawfully and in compliance with all relevant statutes and regulations, including the Unfair Competition Law, California Business and Professions Code § 17200 *et seq.* ("UCL"), and the LIBOR Act, 12 U.S.C. § 5801 *et seq.* Defendants contend that their actions comply with the LIBOR Act's directions on applying fallback rates in LIBOR contracts, and are neither unlawful nor unfair. Defendants therefore deny that they are liable to Mr. Verthelyi, any other member of the putative class on whose behalf Mr. Verthelyi purports to bring the Complaint, or any other person or entity, in connection with the facts alleged in the Complaint. Except as expressly admitted herein, all allegations in the Complaint are denied.

## I.   SUMMARY OF THE ACTION

1. Paragraph 1 is a description of the action and the putative class, to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

2. Defendants admit the allegations in Paragraph 2.

3. Defendants admit that PennyMac's Series A and B Articles Supplementary were offered in 2017. The remainder of Paragraph 3 purports to describe the contents of the Series A and Series B Articles Supplementary, which speak for themselves, and Defendants deny any characterizations or allegations inconsistent therewith. To the extent a further response is required, the remaining allegations are denied.

4. The allegations in Paragraph 4 and the accompanying footnotes do not refer to Defendants. Defendants lack sufficient knowledge to admit or deny the allegations and deny on that basis.

5. The allegations in Paragraph 5 do not refer to Defendants. Defendants lack sufficient knowledge to admit or deny the allegations and deny on that basis.

6. The allegations in Paragraph 6 do not refer to Defendants. Defendants lack sufficient knowledge to admit or deny the allegations and deny on that basis.

7. The allegations in Paragraph 7 do not refer to Defendants. Defendants lack sufficient knowledge to admit or deny the allegations and deny on that basis.

8. The allegations in Paragraph 8 do not refer to Defendants. Defendants lack sufficient knowledge to admit or deny the allegations and deny on that basis.

9. The allegations in Paragraph 9 do not refer to Defendants. Defendants lack sufficient knowledge to admit or deny the allegations and deny on that basis.

10. The allegations in Paragraph 10 do not refer to Defendants. Defendants lack sufficient knowledge to admit or deny the allegations and deny on that basis.

11. Defendants admit that Congress passed the Adjustable Interest Rate (LIBOR) Act in 2022. The remaining allegations in Paragraph 11 do not refer to Defendants. Defendants lack sufficient knowledge to admit or deny the remaining allegations and deny on that basis.

12. The allegations in Paragraph 12 purport to describe the contents of a federal statute and a federal regulation, which speak for themselves, and Defendants deny any characterizations or allegations inconsistent therewith. To the extent any further response is required, the allegations are denied.

13. The allegations in Paragraph 13 purport to describe the contents of a federal statute, which speaks for itself, and Defendants deny any characterizations or allegations inconsistent therewith. To the extent any further response is required, the allegations are denied.

14. The first two sentences of Paragraph 14 purport to describe the contents of the Series A and Series B Preferred Shares Articles Supplementary, which speak for themselves, and Defendants deny any characterizations or allegations inconsistent therewith. To the extent any further response is required, the allegations in the first two

sentences of this paragraph are denied. The third sentence of this paragraph states legal conclusions, to which no response is required. To the extent a response is required, the allegations in the third sentence of this paragraph are denied.

15. Defendants admit that PennyMac announced on August 25, 2023 that the Series A and Series B Preferred Shares would continue to accumulate dividends at their current annual fixed rate. The remaining allegations in this Paragraph 15 and the accompanying footnotes state legal conclusions to which no response is required, or purport to quote or characterize PennyMac's August 25, 2023 press release, which speaks for itself as to its contents. To the extent any further response is required, the remaining allegations in this paragraph are denied.

16. The allegations in Paragraph 16 and the accompanying footnote state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

17. Defendants admit that the liquidation preference price for the Series A and Series B Preferred Shares is $25.00 per share. Defendants further admit that the Series A Preferred Shares closed at $22.77 on August 28, 2023, and reached a price of $20.11 on October 30, 2023. Defendants further admit that the Series B Preferred Shares closed at $22.40 on August 28, 2023, and reached a price of $19.80 on October 4, 2023. The remaining allegations in this Paragraph 17 are denied.

18. The allegations in Paragraph 18 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

19. The allegations in Paragraph 19 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

20. The allegations in the final sentence in Paragraph 20 purport to describe or quote the contents of a document, which speaks for itself, and Defendants deny any characterizations or allegations inconsistent therewith. The remaining allegations are denied.

21. Defendants admit that PennyMac and PCM each has a principal place of business in California. The remaining allegations in this Paragraph 21 state legal conclusions to which no response is required. The second sentence in this paragraph also purports to describe the contents of a California statute, which speaks for itself. To the extent any further response is required, the remaining allegations in this paragraph are denied.

22. Paragraph 22 states a description of the relief sought in this lawsuit as well as legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

23. Defendants admit that they received a letter dated May 10, 2024, from Plaintiff's counsel in this action. The remaining allegations in Paragraph 23 and the accompanying footnote 8 state legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

## II.   JURISDICTION AND VENUE

24. The allegations in Paragraph 24 state legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

25. Defendants admit that PennyMac and PCM each has a principal place of business in California. The remaining allegations in this Paragraph 25 state legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

26. Defendants admit that each of their principal places of business, respectively, are within the County of Los Angeles, State of California. The remainder of the allegations in this Paragraph 26 state legal conclusions to which no response is required. To the extent a response is required, the remaining allegations are denied.

## III.   PARTIES

27. Defendants lack sufficient knowledge to admit or deny the allegations in the first three sentences of this Paragraph 27 and deny on that basis. Defendants deny the fourth sentence in this paragraph.

28. Defendants admit the allegations in Paragraph 28.

29. Defendants admit the allegations in Paragraph 29.

## IV. FACTUAL ALLEGATIONS

### A. PennyMac Issues Fixed-to-Floating Rate Preferred Shares

30. Defendants admit that in 2017, PennyMac issued two series of Preferred Shares, (i) the Series A Fixed-to-Floating Rate Cumulative Redeemable Preferred Shares, and (ii) the Series B Fixed-to-Floating Rate Cumulative Redeemable Preferred Shares, and that the issuance of the Series A and Series B Preferred Shares raised $310 million in gross proceeds.

#### 1. Series A Preferred Shares

31. Defendants admit the allegations in the first sentence of Paragraph 31. The allegations in the second sentence of this Paragraph 31 purport to describe the contents of the Series A Preferred Shares Articles Supplementary, which speak for themselves, and Defendants deny any characterizations or allegations inconsistent therewith. To the extent any further response is required, the remaining allegations are denied.

32. Paragraph 32 purports to describe the contents of the Series A Preferred Shares Articles Supplementary, which speak for themselves, and Defendants deny any characterizations or allegations inconsistent therewith. To the extent any further response is required, the allegations are denied.

33. Paragraph 33 purports to describe the contents of the Series A and Series B Preferred Shares Articles Supplementary, which speak for themselves, and Defendants deny any characterizations or allegations inconsistent therewith. To the extent any further response is required, the allegations are denied.

34. Paragraph 34 purports to describe the contents of the Series A Preferred Shares Articles Supplementary, which speak for themselves, and Defendants deny any characterizations or allegations inconsistent therewith. To the extent any further response is required, the allegations are denied.

### 2. Series B Preferred Shares

35. Defendants admit the allegations in the first sentence of Paragraph 35. The second sentence of Paragraph 35 purports to describe the contents of the Series A Preferred Shares Articles Supplementary, which speak for themselves, and Defendants deny any characterizations or allegations inconsistent therewith. To the extent any further response is required, the remaining allegations are denied.

36. Paragraph 36 purports to describe the contents of the Series B Preferred Shares Articles Supplementary, which speak for themselves, and Defendants deny any characterizations or allegations inconsistent therewith. To the extent any further response is required, the allegations are denied.

37. Paragraph 37 purports to describe the contents of the Series B Preferred Shares Articles Supplementary, which speak for themselves, and Defendants deny any characterizations or allegations inconsistent therewith. To the extent any further response is required, the allegations are denied.

38. Paragraph 38 purports to describe the contents of the Series B Preferred Shares Articles Supplementary, which speak for themselves, and Defendants deny any characterizations or allegations inconsistent therewith. To the extent any further response is required, the allegations are denied.

### B. SOFR is Created as an Alternative to LIBOR

39. The allegations in Paragraph 39 do not refer to Defendants. Defendants lack sufficient knowledge to admit or deny the allegations and deny on that basis.

40. The allegations in Paragraph 40 do not refer to Defendants. Defendants lack sufficient knowledge to admit or deny the allegations and deny on that basis.

41. The allegations in Paragraph 41 and the accompanying footnote do not refer to Defendants. Defendants lack sufficient knowledge to admit or deny the allegations and deny on that basis.

42. The allegations in Paragraph 42 do not refer to Defendants. Defendants lack sufficient knowledge to admit or deny the allegations and deny on that basis.

43. The allegations in Paragraph 43 do not refer to Defendants. Defendants lack sufficient knowledge to admit or deny the allegations and deny on that basis.

44. The allegations in Paragraph 44 and the accompanying footnote do not refer to Defendants. Defendants lack sufficient knowledge to admit or deny the allegations and deny on that basis.

45. The first and fourth sentences of Paragraph 45 state legal conclusions, to which no response is required. The second sentence of this paragraph and the accompanying footnote purport to describe the contents of the Series A and B Articles Supplementary, which speak for themselves. Defendants admit that PennyMac issued a press release describing the applicable dividend rate. To the extent a further response is required, the remaining allegations are denied.

**C.    Congress Adopts the LIBOR Act and the Federal Reserve Issues the LIBOR Rule**

46. The allegations in Paragraph 46 do not refer to Defendants. Defendants lack sufficient knowledge to admit or deny the allegations and deny on that basis.

47. Defendants admit that Congress enacted the LIBOR Act on March 15, 2022, and that the Federal Reserve issued the LIBOR Rule in December 2022. The allegations in Paragraph 47 do not refer to Defendants. Defendants lack sufficient knowledge to admit or deny the remaining allegations and deny on that basis.

48. The allegations in Paragraph 48 purport to describe the contents of a federal statute, which speaks for itself, and Defendants deny any characterizations or allegations inconsistent therewith. To the extent any further response is required, the allegations are denied.

49. The allegations in Paragraph 49 are denied.

**D.    PennyMac Acts in Contravention of the LIBOR Act and the LIBOR Rule**

50. The allegations in Paragraph 50 do not refer to Defendants. Defendants lack sufficient knowledge to admit or deny the allegations and deny on that basis.

51. The allegations in Paragraph 51 state legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

52. The allegations in Paragraph 52 state legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

53. Defendants admit that PennyMac made a public statement about the applicable dividend rates for Series A and Series B Preferred Shares on August 25, 2023. Defendants deny that PennyMac unilaterally decided the applicable dividend rates. The remaining allegations in Paragraph 53 purport to describe or quote the contents of PennyMac's public statement, which speaks for itself, and Defendants deny any characterizations or allegations inconsistent therewith. To the extent a further response is required, the remaining allegations are denied.

54. The allegations in Paragraph 54 state legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

55. The allegations in Paragraph 55 purport to describe or quote the contents of a public statement made by PennyMac, which speaks for itself, and Defendants deny any characterizations or allegations inconsistent therewith. To the extent a further response is required, the remaining allegations are denied.

56. Defendants are without sufficient knowledge to admit or deny whether the LIBOR-based fallback provision on which PennyMac relied has been used in similar form throughout the industry, and deny that allegation on that basis. Defendants deny that the LIBOR-based fallback provision on which PennyMac relied was clearly created to be used in the event of a temporary delay in the reporting of LIBOR rates. The second and third sentences of Paragraph 56 purport to describe the contents of the Articles Supplementary, which speak for themselves, and Defendants deny any characterizations or allegations inconsistent therewith. The fourth sentence of Paragraph 56 purports to describe the contents of a public statement made by PennyMac, which speaks for itself, and Defendants deny any characterizations or allegations inconsistent therewith. To the extent a further response is required, the allegations are denied.

57. The allegations in Paragraph 57 state legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

### E. Preferred Shareholders' Present and Future Harm

58. Defendants admit that the Series A Preferred Shares closed at $23.95 on August 24, 2023 and closed at $22.77 on August 28, 2023. The remaining allegations are denied.

59. Defendants admit that the Series B Preferred Shares closed at $23.52 on August 24, 2023 closed at $22.40 on August 28, 2023. The remaining allegations are denied.

60. The allegations in Paragraph 60 are denied.

### V. CLASS ACTION ALLEGATIONS

61. Paragraph 61 provides a description of the putative class, to which no response is required. Defendants deny that any such class exists and deny that a class should be certified.

62. The first sentence of Paragraph 62 states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge to either admit or deny the allegations in the first sentence of Paragraph 62, and deny on that basis. Defendants lack sufficient knowledge to either admit or deny the allegations in the second sentence of Paragraph 62, and deny on that basis. Defendants admit the allegations in the third sentence of Paragraph 62.

63. Defendants lack sufficient knowledge to either admit or deny the allegations in Paragraph 63, and deny on that basis.

64. The allegations in Paragraph 64, including its subparts (a)-(f), state legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

65. Defendants deny the allegation that any member of the Class suffered economic injury and will continue to suffer economic injury as a result of Defendants' wrongful conduct. The remaining allegations in Paragraph 65 state legal conclusions,

1  to which no response is required. To the extent a response is required, the allegations
2  are denied.
3       66.    The allegations in Paragraph 66 state legal conclusions, to which no
4  response is required. To the extent a response is required, the allegations are denied.
5       67.    The allegations in Paragraph 67 state legal conclusions, to which no
6  response is required. To the extent a response is required, the allegations are denied.
7       68.    The allegations in Paragraph 68, including its subparts (a)-(c), state legal
8  conclusions, to which no response is required. To the extent a response is required, the
9  allegations are denied.

## VI. CLAIM FOR RELIEF

### COUNT ONE

**Violation of California's Unfair Competition Law (UCL)**

**Cal. Bus. & Prof. Code § 17200** *et seq.*

     69.    Defendants hereby incorporate by reference its responses to the preceding Paragraphs 1-68 as if fully set forth herein.

     70.    The allegations in the second sentence of Paragraph 70 purport to describe the contents of a California statute, which speaks for itself, and Defendants deny any characterizations or allegations inconsistent therewith. The remaining allegations state legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

     71.    The allegations in the first sentence of Paragraph 71 purport to describe or quote the contents of a California statute, which speaks for itself, and Defendants deny any characterizations or allegations inconsistent therewith. The remaining allegations state legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

     72.    The allegations in Paragraph 72 are denied.

**A.    "Unlawful" Prong**

73.   The allegations in Paragraph 73 purport to describe the contents of a California statute, which speaks for itself, and Defendants deny any characterizations or allegations inconsistent therewith. To the extent any further response is required, the allegations are denied.

74.   The allegations in Paragraph 74 are denied.

75.   The allegations in Paragraph 75 are denied.

76.   The allegations in Paragraph 76 are denied.

77.   The allegations in Paragraph 77 are denied.

78.   The allegations in Paragraph 78 are denied.

79.   The allegations in Paragraph 79 are denied.

**B.    "Unfair" Prong**

80.   The allegations in Paragraph 80 are denied.

81.   The allegations in Paragraph 81 purport to describe the contents of a California statute, which speaks for itself, and Defendants deny any characterizations or allegations inconsistent therewith. To the extent any further response is required, the allegations are denied.

82.   The allegations in Paragraph 82 are denied.

**C.    Remedies Provided For Under the UCL**

83.   The allegations in Paragraph 83 purport to describe the contents of a California statute, which speaks for itself, and Defendants deny any characterizations or allegations inconsistent therewith. To the extent any further response is required, the allegations are denied.

84.   The allegations in Paragraph 84 are denied.

85.   The allegations in Paragraph 85 state a description of the relief sought and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

86. The allegations in Paragraph 86 state legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

87. Paragraph 87 purports to be a reservation of rights by Plaintiff, to which no response is required. To the extent a response is required, the allegations are denied.

## VIII. DEMAND FOR TRIAL BY JURY

Defendants admit that Plaintiff purports to demand a jury trial, but deny that Plaintiff is entitled to a jury trial, as the only claim asserted in the complaint arises under the UCL.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any issue as to which Plaintiff bears the burden, Defendants assert the following affirmative defenses. Defendants have not knowingly or intentionally waived any applicable defenses. Defendants reserve the right to amend their Answer and defenses, to assert and rely on such other applicable defenses as may become available or apparent during discovery, and to withdraw any of these affirmative defenses as it may deem appropriate.

88. The Complaint fails to state a claim upon which relief can be granted.

89. The claim asserted in the Complaint is barred, in whole or in part, because Plaintiff lacks standing to sue.

90. The claim asserted in the Complaint is barred, in whole or in part, because the Court lacks subject matter jurisdiction over the matters alleged in the Complaint.

91. The claim asserted in the Complaint is barred, in whole or in part, because Defendants' conduct is not unlawful, including (without limitation) because it complies with the LIBOR Act.

92. The claim asserted in the Complaint is barred, in whole or in part, because Defendants' conduct is not unfair.

93. The claim asserted in the Complaint is preempted by federal law, including (without limitation) the LIBOR Act.

94. The claim asserted in the Complaint is barred, in whole or in part, by the UCL's Safe Harbor because federal law expressly permits Defendants' conduct.

95. The claim asserted in the Complaint is barred, in whole or in part, by the statute of limitations or laches.

96. The claim asserted in the Complaint is barred, in whole or in part, because Plaintiff and/or anyone he purports to represent has an adequate remedy at law.

97. The claim asserted in the Complaint is barred, in whole or in part, because Plaintiff and/or anyone he purports to represent has suffered no injury as a result of any alleged conduct by Defendants.

98. The claim asserted in the Complaint is barred, in whole or in part, because Plaintiff and/or anyone he purports to represent acquiesced in Defendants' conduct through their own conduct, acts, or omissions.

99. The claim asserted in the Complaint is barred, in whole or in part, by the conduct, actions, and inaction of Plaintiff and anyone he purports to represent, which amounts to and constitute an estoppel of the claim and any relief sought thereby.

100. The claim asserted in the Complaint is not suitable for class treatment pursuant to Federal Rule of Civil Procedure 23 because, among other reasons, Plaintiff is an inadequate class representative, his claims are not typical, individual issues of fact will predominate over issues common to the class, and class treatment is not the superior method of adjudication.

101. Certain persons claimed to be members of the proposed class may be barred from recovery, in whole or in part, based on one or more of these affirmative defenses.

102. The class action allegations of the Complaint are barred in that trying Plaintiff's and the putative class members' claims through a class action or other aggregate proceeding would violate Defendants' due process and other constitutional rights by (a) allowing for recovery by class members who do not have valid claims; (b) allowing the class action procedural device to change the substantive law and substantive

rights and responsibilities of the parties; and (c) depriving Defendants of their right to defend themselves with respect to individual claims.

103.  Defendants have insufficient knowledge or information upon which to form a belief as to whether additional defenses are available.  Defendants reserve the right to raise such additional defenses upon receiving more complete information regarding the matters alleged in the Complaint, through discovery or otherwise.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for relief as follows:

1. That Plaintiff and the putative class take nothing by the Complaint;
2. That the Complaint be dismissed with prejudice;
3. That judgment be entered in favor of Defendants;
4. That the certification of any class be denied;
5. For costs and attorneys' fees allowed by law; and
6. For such other and further relief as the Court deems just and proper.

Dated: March 28, 2025         Respectfully submitted,

*/s/ Matthew Donald Umhofer*
UMHOFER, MITCHELL & KING, LLP
Matthew Donald Umhofer
Jonas P. Mann

*Attorneys for Defendants PennyMac Mortgage Investment Trust and PNMAC Capital Management LLC*

WILLIAMS & CONNOLLY LLP
Steven M. Farina (*pro hac vice*)
Melissa B. Collins (*pro hac vice*)

*Attorneys for Defendant PennyMac Mortgage Investment Trust*