UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-05028-MWF (JCx)                                    Date:  May 5, 2025
Title: Roberto Verthelyi v. PennyMac Mortgage Investment Trust, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER GRANTING CERTIFICATION FOR INTERLOCUTORY APPEAL AND STAYING ACTION [53]

Before the Court is Defendants PennyMac Mortgage Investment Trust ("PennyMac") and PNMAC Capital Management, LLC's (collectively, "Defendants") Motion to Certify For Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal (the "Motion"), filed on March 25, 2025.  (Docket No. 53).  Plaintiff Roberto Verthelyi filed an Opposition on April 7, 2025.  (Docket No. 56).  Defendants filed a Reply on April 14, 2025.  (Docket No. 57).

The Court has read and considered the papers on the Motion and held a hearing on **April 28, 2025**.

For the reasons discussed below, the Motion is **GRANTED**.  The issues raised by Defendants concern controlling questions of law with substantial grounds for difference of opinion, and resolution of these questions will materially advance this litigation.

## I.   BACKGROUND

The Court previously summarized the central facts of this action in its Order Denying Defendants' Motions to Dismiss (the "Prior Order").  (Docket No. 52).  The Court incorporates by reference the Background section of the Prior Order and limits its recitation of the facts to those necessary for context.

---

**CIVIL MINUTES—GENERAL**                                                                                    1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-05028-MWF (JCx)             Date: May 5, 2025
Title: Roberto Verthelyi v. PennyMac Mortgage Investment Trust, et al.

     This action involves allegations that Defendants violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., when they issued dividends at a fixed rate instead of adopting an appropriate replacement benchmark. (*See generally* Complaint (Docket No. 1)).

     On August 20, 2024, Defendants moved to dismiss arguing, in pertinent part, that Maryland law governs the parties' dispute and that Defendants' actions both complied with the LIBOR Act, 12 U.S.C. §§ 5801 et seq., and did not violate the UCL. (*See generally* Docket Nos. 34, 35 (collectively, the "Motions to Dismiss")). On February 26, 2025, the Court denied the Motions to Dismiss, concluding California law governed the action and Plaintiff had stated a viable claim under the UCL. (Prior Order at 1).

     Through the present Motion, Defendants request the Court certify the Prior Order pursuant to 28 U.S.C. § 1292(b) and stay the action pending interlocutory appeal.

## II. LEGAL STANDARD

     Interlocutory appeals are governed by 28 U.S.C § 1292(b). A district court may certify an interlocutory appeal if (1) the order involves a controlling question of law, (2) there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *Id*.

     The purpose of an interlocutory appeal is to "facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later," to "save the courts and the litigants unnecessary trouble and expense." *John v. United States*, 247 F.3d 1032, 1051 (9th Cir. 2001) (en banc) (Rymer, J., special statement). However, "Section 1292(b) is a departure from the normal rule that only final judgments are appealable and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 (9th Cir. 2002). The party pursuing the interlocutory appeal bears the burden of demonstrating that the requirements established by § 1292(b) are satisfied. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-05028-MWF (JCx)                              Date:  May 5, 2025
Title: Roberto Verthelyi v. PennyMac Mortgage Investment Trust, et al.

Cir. 2010) (dismissing consolidated interlocutory appeals for lack of appellate jurisdiction because there was not a substantial ground for difference of opinion).

## III. DISCUSSION

Defendants seek to certify the following questions:

1. Whether, as a matter of law, the choice-of-law provision in PennyMac's operative charter document (the "Declaration of Trust") compels the application of Maryland law.

2. Whether, as a matter of law, PennyMac's fallback dividend rate is a "qualifying benchmark" under the LIBOR Act, 12 U.S.C. § 5802(3), such that the use of that rate complies with the Act.

(*See* Motion at 9).

At the hearing, Plaintiff argued that neither question should be certified or, alternatively, only the LIBOR Act question should be.  Plaintiff noted that he is primarily concerned with the delay that may result should the Ninth Circuit decide only the choice-of-law question.  While the Court understands Plaintiff's concern, for the reasons discussed below, the Court determines that both questions satisfy the requirements established by Section 1292(b) and are thus appropriate issues to certify for interlocutory appeal.

In addition, as Defendants correctly argued at the hearing, the entire order is subject to review if there is an interlocutory appeal.  *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996); *see, generally,* 16 Charles A. Wright, Arthur Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3929 (3rd ed.).  The Ninth Circuit enjoys broad discretion under Section 1292(b) and "is free to decline to hear some or all of the issues the parties raise on appeal", including "the question that provided the basis for certification." *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1131 (9th Cir. 2022).  Plaintiff's suggestion of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-05028-MWF (JCx)                  **Date:** May 5, 2025
**Title:** Roberto Verthelyi v. PennyMac Mortgage Investment Trust, et al.

certifying one question over the other would, therefore, not have a dispositive effect over the Ninth Circuit's potential review.

      **A.**       **Choice of Law**

          **1. Controlling Question of Law**

"A controlling question of law must be one of law—not fact—and its resolution must 'materially affect the outcome of litigation in the district court.'" *ICTSI Oregon, Inc.*, 22 F.4th at 1130 (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)).

The choice-of-law question presented in this action is controlling. Plaintiff's sole claim arises under California law. And, in the Prior Order, the Court held that the choice-of-law provision applied to the parties' dispute but was ultimately unenforceable because California had a materially greater interest in determination of the issue. (Prior Order 8–13). If the Court had held otherwise—namely, that the provision was enforceable—Plaintiff's only claim would be dismissed. *See Pro Water Sols., Inc. v. Angie's List, Inc.*, 2021 WL 124496, at *7 (C.D. Cal. Jan. 13, 2021) (A "valid choice-of-law provision selecting another state's law is grounds to dismiss a claim under California's UCL"). Therefore, if the Ninth Circuit determines Maryland law should apply, that resolution "could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026.

Notably, district courts have often found choice-of-law determinations present questions of law suitable for interlocutory appeal, and the Ninth Circuit has accepted certification on these questions in the past. *See, e.g.*, *Galilea, LLC v. AGCS Marine Ins. Co.*, 879 F.3d 1052, 1056 (9th Cir. 2018) (deciding choice-of-law question after district court granted motion to certify under Section 1292(b)); *Starr Indem. & Liab. Co. v. Rolls-Royce Corp.*, 725 F. App'x 592, 593 (9th Cir. 2018) (reversing district court's determination of choice-of-law question on interlocutory appeal); *Phillips v. Amoco Trinidad Oil Co.*, 632 F.2d 82, 83 (9th Cir. 1980) (affirming choice-of-law question after district court granted motion to certify under Section 1292(b)).

---

                                      **CIVIL MINUTES—GENERAL**                                           4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-05028-MWF (JCx)            **Date:** May 5, 2025
**Title:** Roberto Verthelyi v. PennyMac Mortgage Investment Trust, et al.

## 2. Substantial Ground for Difference of Opinion

A substantial ground for a difference of opinion exists when "novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). The prong is satisfied if "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch*, 611 F.3d at 633.

The Court concludes that a substantial ground for a difference opinion exists as to this issue. In its Prior Order, the Court indicated that the choice-of-law question presented a difficult issue that had not directly been decided by the Ninth Circuit. (Prior Order at 11). Ultimately, the Court agreed with Plaintiff and relied primarily on *Walter v. Hughes Commc'ns, Inc.*, a district court opinion finding a choice-of-law provision unenforceable because, in relevant part, Maryland law conflicted with fundamental California policy. (*Id.* at 12–13) (citing *Walter v. Hughes Commc'ns, Inc.*, 682 F. Supp. 2d 1031, 1042 (N.D. Cal. 2010)). However, other courts have disagreed with the reasoning in *Walter* and found that a difference in remedies between two forums is insufficient to hold a choice-of-law provision unenforceable. *See, e.g., Palomino v. Facebook, Inc.*, CV 16-04230-HSG, 2017 WL 76901, at *4 (N.D. Cal. Jan. 9, 2017); *Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1112 (N.D. Cal. 2016).

Ultimately, however, the Court does not reach its conclusion simply because there is some conflict or uncertainty as to this question. Rather, the question also raises novel issues concerning comity and potentially competing interests of state law. Moreover, "[w]here proceedings that threaten to endure for several years depend on an initial question of jurisdiction . . . or the like, certification may be justified even if there is a relatively low level of uncertainty." *In re DirecTV Early Cancellation Fee Mktg.*, ML 09-2093-AG-(ANx), 2011 WL 13135572, at *2 (C.D. Cal. Oct. 24, 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-05028-MWF (JCx) | Date:  May 5, 2025 |
| Title: Roberto Verthelyi v. PennyMac Mortgage Investment Trust, et al. | |

### 3. Material Advancement

To materially advance the termination of the litigation, interlocutory appeal need not "have a final, dispositive effect on the litigation[.]" *Reese*, 643 F.3d at 688 (quoting 28 U.S.C. § 1292(b)).  The prong is "satisfied when the resolution of the question 'may appreciably shorten the time, effort, or expense of conducting' the district court proceedings. *ICTSI Oregon*, 22 F.4th at 1131 (quoting *In re Cement*, 673 F.2d at 1027).

As indicated above, the Ninth Circuit's determination of this issue could result in dismissal of Plaintiff's only existing claim.  Interlocutory appeal could conserve time and resources spent litigating an action potentially premised on a mistaken analysis of a threshold question.

At the hearing, Plaintiff emphasized that a resolution of this issue would not necessarily terminate the litigation.  And the Court and the parties agree that the precise result of a determination in Defendants' favor is not clear—dismissal here and refiling in Maryland, litigating other claims here, transferring the action to Maryland—but certainly the status quo would be upended.  Moreover, as indicated above, the prong does not require that interlocutory appeal have a dispositive effect on the litigation.  Instead, this appropriately presents a situation "in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026

## B. LIBOR Act

### 1. Controlling Question of Law

A controlling question of law "generally is a purely legal one that can be resolved quickly without delving into a particular case's facts." *Henley v. Jacobs*, CV18-2244-SBA, 2019 WL 8333448, at *2 (N.D. Cal. Oct. 25, 2019).  "[T]he Ninth Circuit has found 'novel question[s] of statutory interpretation' to be particularly appropriate occasions for certification." *Burton v. Prudential Ins. Co. of Am.,* 2014 WL 10537434, at *2 (C.D. Cal. Sept. 12, 2014) (quoting *Joffe v. Google, Inc.*, 746

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 24-05028-MWF (JCx) | Date: May 5, 2025 |
| Title: Roberto Verthelyi v. PennyMac Mortgage Investment Trust, et al. | |

F.3d 920, 924 (9th Cir. 2013)); *see also San Antonio Winery, Inc. v. Jiaxing Micarose Trade Co.*, 53 F.4th 1136, 1140 (9th Cir. 2022) (deciding statutory interpretation question after district court certified order under Section 1292(b)).

Here, the correct interpretation of a "qualifying benchmark" under the LIBOR Act is highly material to the outcome of Plaintiff's claim. Should the Ninth Circuit agree with Defendants' interpretation of the Act, there would be no question that Defendants complied with the LIBOR Act, and Plaintiff's claim under the "unlawful" prong of the UCL would necessarily fail. While Plaintiff also argues that Defendants' actions violated the "unfairness" prong of the UCL, there is a high likelihood that a resolution in Defendants' favor would result in Plaintiff's claim failing under both federal preemption and the UCL's safe-harbor doctrine. *See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999) (recognizing California Supreme Court has held liability under the UCL is precluded when "the Legislature has permitted certain conduct or considered a situation and concluded no action should lie").

While the question would require the Ninth Circuit to review a limited set of facts—namely, the Articles Supplementary and the text of the LIBOR Act—those facts remain undisputed. The parties do not disagree about the text of the Articles Supplementary, the fallback provision contained therein, or the text of the LIBOR Act. Rather, as indicated in the Prior Order, the parties primarily dispute the meaning and purpose of Section 5802(3). (Prior Order at 15). Accordingly, the issue presents a controlling question of law.

### 2. Substantial Grounds for Difference of Opinion

Courts will traditionally find that a substantial ground for difference of opinion exists "if novel and difficult questions of first impression are presented." *Couch*, 611 F.3d at 633 (internal quotation marks and citation omitted). Novel and difficult questions of first impression exist even if "there are no cases directly conflicting with the district court's construction of the law." *Reese*, 643 F.3d at 688. Indeed, "[the Ninth Circuit's] interlocutory appeal jurisdiction does not turn on a prior court's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-05028-MWF (JCx)             **Date:** May 5, 2025
**Title:** Roberto Verthelyi v. PennyMac Mortgage Investment Trust, et al.

having reached a conclusion adverse to that from which appellants seek relief." *Id.* The Ninth Circuit has elaborated that:

> A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed. Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent.

*Id.*

      To date, it does not appear that any other court has interpreted the LIBOR Act, and, in its Prior Order, this Court noted that both parties' interpretations of Section 5802(3) were plausible.  In light of the competing principles of statutory interpretation, the ambiguity of the statute, and the differing—yet plausible—interpretations of the parties, reasonable jurists could disagree with the Court's analysis as to this issue.  Accordingly, the Court finds that substantial grounds for a difference of opinion exists regarding this novel question of statutory interpretation.

### 3. Material Advancement

      Plaintiff's sole claim is premised on Defendants' purported violation of the LIBOR Act.  As noted above, a resolution in Defendants' favor would materially advance the litigation in that it would preclude Plaintiff's claim that Defendants' actions were "unlawful" and would likely have a critical impact on whether Plaintiff can establish that the actions were "unfair" under the UCL.

      Accordingly, Defendants' request for certification of an interlocutory appeal is **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-05028-MWF (JCx)                     **Date:** May 5, 2025
Title: Roberto Verthelyi v. PennyMac Mortgage Investment Trust, et al.

    **C.**    **Stay**

"Although the filing of an interlocutory appeal does not automatically stay proceedings in the district court, the district court has broad discretion to decide whether a stay is appropriate to 'promote economy of time and effort for itself, for counsel, and for litigants.'" *Association of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008) (quoting *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972)). "In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

The Court deems a stay to be appropriate both for management of its own docket and to ensure a just determination on issues central to this action. Moreover, a stay would not result in undue prejudice to Plaintiff, as the action is in the early stages of litigation.

**IV.**    **CONCLUSION**

For the reasons set forth above, the Motion is **GRANTED**. Under 28 U.S.C. § 1292(b), Defendants have ten days to file a Petition for Permission to Appeal to the Ninth Circuit. *See* Fed. R. App. P. 5.

This action is **STAYED** pending a decision by the Ninth Circuit. The parties are **ORDERED** to file a joint status report every 90 days, with the first report due no later than August 4, 2025, or within ten days of any ruling by the Ninth Circuit.

IT IS SO ORDERED.